IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

AUDREY NASH,                                   Case No. 6:14-cv-01496-AA
                                                   OPINION AND ORDER
            Plaintiff,

        v.

CAROLYN W. COLVIN, Acting
Commissioner of Social
Security,

            Defendant.
_____

Bruce W. Brewer
Attorney at Law
PO Box 421
West Linn, Oregon 97068
        Attorney for plaintiff

Billy J. Williams
Janice E. Hebert
United States Attorney's Office
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97201

Martha A. Boden
Social Security Administration
Office of General Counsel
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington 98104
        Attorneys for defendant

Page 1 - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff Audrey Nash brings this action pursuant to the Social Security Act ("Act"), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner"). The Commissioner denied plaintiff's application for Title II disability insurance benefits. For the reasons set forth below, the Commissioner's decision is affirmed and this case is dismissed.

## PROCEDURAL BACKGROUND

On June 29, 2012, plaintiff applied for disability insurance benefits, alleging disability beginning June 12, 2012. Tr. 178.[1] Her application was denied initially and upon reconsideration. Tr. 96, 110. On February 12, 2014, a video hearing was held before an Administrative Law Judge ("ALJ"). Plaintiff, represented by counsel, provided testimony. Tr. 57-81. On March 20, 2014, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act. Tr. 7-18. After the Appeals Council denied her request for review, plaintiff filed a complaint in this Court. Tr. 1-3.

## STATEMENT OF FACTS

Born September 26, 1959, plaintiff was 52 years old on the alleged onset date of disability and 54 years old at the time of the hearing. Tr. 17. She completed two years of college. Tr. 81. Plaintiff worked previously as a delivery truck driver. Tr. 82. She

---

[1] The record before the Court contains multiple incidences of duplication. Where evidence occurs in the record more than once, the Court will generally cite to the transcript pages on which that information first appears.

alleges disability due to severe arthritis, diabetes, pseudotumor cerebri (increased pressure inside her skull), and obesity. Tr. 88, 182.

### STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and internal quotations omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. Bowen v.

Page 3 - OPINION AND ORDER

Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1502. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140; 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled.

At step two, the Commissioner evaluates whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, she is not disabled.

At step three, the Commissioner determines whether the claimant's impairments, either singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 140-41; 20 C.F.R. § 404.1520(d). If so, the claimant is presumptively disabled; if not, the Commissioner proceeds to step four. Yuckert, 482 U.S. at 141.

At step four, the Commissioner resolves whether the claimant can still perform "past relevant work." 20 C.F.R. § 404.1520(f). If the claimant can work, she is not disabled; if she cannot perform past relevant work, the burden shifts to the Commissioner. At step five, the Commissioner must establish that the claimant can perform other work existing in significant numbers in the national and local economy. Yuckert, 482 U.S. at 141-42; 20 C.F.R. § 404.1520(g). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 404.1566.

Page 4 - OPINION AND ORDER

## THE ALJ'S FINDINGS

At step one of the process outlined above, the ALJ found plaintiff "ha[d] not engaged in substantial gainful activity since June 12, 2012, the alleged onset date." Tr. 12. At step two, the ALJ determined plaintiff's "degenerative disc disease of the lumbar spine with osteoarthritis, obesity, asthma, [and] carpal tunnel syndrome" were severe and resulted in significant work-related functional limitations. Id. At step three, the ALJ found plaintiff's impairments, singly and in combination, did not meet or equal the requirements of a listed impairment. Tr. 13.

The ALJ then evaluated how plaintiff's impairments affected her ability to work. The ALJ resolved plaintiff possessed the residual functional capacity ("RFC") to:

> [P]erform light work as defined in 20 [C.F.R. §] 404.1567(b) except she can do no more than occasionally kneel, crawl, stoop, climb and crouch. She can no more than frequently perform tasks requiring bilateral grasping, handling and fingering. She should avoid more than occasional exposure to fumes, dust, gases, poorly ventilated areas and other noxious odors and avoid concentrated exposure to heights, moving machinery and similar hazards.

Id.

At step four, the ALJ determined plaintiff could not perform any past relevant work. Tr. 16. At step five, based on the VE's testimony and considering the plaintiff's age, work experience, and RFC, the ALJ found plaintiff was "capable of making a successful adjustment to other work that exists in significant numbers in the national economy." Tr. 17-18. Accordingly, the ALJ concluded plaintiff was not disabled under the Act. Tr. 18.

DISCUSSION

Plaintiff argues the ALJ erred by (1) discrediting plaintiff's testimony without clear and convincing reasons for doing so; and (2) improperly evaluating the statements of plaintiff's daughter.

I.   Credibility

Plaintiff argues the ALJ failed to provide clear and convincing reasons for rejecting her testimony concerning the severity of her symptoms. When a claimant's medically documented impairments reasonably could be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996) (citation omitted). A general assertion the claimant is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted). If the "ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) (citation omitted). The ALJ's overall credibility decision may be upheld even if not all of the ALJ's

Page 6 - OPINION AND ORDER

reasons for rejecting the claimant's testimony are upheld. <u>Batson v. Comm'r Soc. Sec.</u>, 359 F.3d 1190, 1197 (9th Cir. 2004).

At the hearing, plaintiff testified severe back pain prevented her from sitting or standing for long periods of time and hindered her ability to walk or lift objects. Tr. 64-65, 74-75. Plaintiff also testified she has trouble holding objects because of numbness in her hands. <u>Id</u>. The ALJ determined plaintiff's medically determinable impairments could reasonably be expected to produce some degree of symptoms, but found plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms not fully credible." Tr. 15.

In making this adverse credibility finding, the ALJ first noted inconsistencies between plaintiff's testimony and plaintiff's statements in the record. Tr. 15. Consistency between an individual's statements is a "strong indication" of credibility. <u>Thomas</u>, 278 F.3d at 958. Consistent with her hearing testimony, plaintiff stated in a function report that she was only able to stand for a few minutes at a time, and stated in a disability report that she had no feeling in her fingers. Tr. 213, 240. However, plaintiff testified at the hearing as well as indicating to her doctors that she participated in fitness classes, yoga, and computer classes during the period of alleged disability. Tr. 68-59, 311, 535. The ALJ found plaintiff's participation in these activities inconsistent with difficulty standing for more than a few minutes at a time and having no feeling in her fingers. The ALJ also noted plaintiff sought light duty work after her alleged onset

Page 7 - OPINION AND ORDER

date of disability. Evidence that a claimant sought employment during the time she claimed disability is a legitimate reason to discount her credibility. Bray v. Comm'r Soc. Sec. Admin., 554 F.3d 1219, 1227 (9th Cir 2009).

The ALJ erred in concluding plaintiff's symptom testimony was inconsistent with her testimony she is able to care for her cat, prepare meals, do laundry and dishes, grocery shop, and vacuum. Tr. 206-08. In connection with these activities, plaintiff indicated limitations consistent with her symptom testimony — for example, she explained she sits down to prepare meals, and at the grocery store she "know[s] where the seats are & take[s] breaks." Tr. 207-08. However, as the ALJ's determination is otherwise supported by substantial evidence, this error was harmless. See Batson, 359 F.3d at 1197.

The ALJ also noted inconsistencies between plaintiff's testimony and the objective medical evidence. Tr. 15. The ALJ referred to examination findings that plaintiff had normal gait and motor functions, and could bend and touch the floor. Tr. 262, 314, 322. The medical consultants who reviewed plaintiff's file at the initial and reconsideration levels of adjudication found the record indicated nothing more than "mild abnormalities." Tr. 16; see also tr. 94-94, 107-09. Although absence of medical corroboration alone is insufficient to negate credibility, it may support an adverse credibility finding in combination with other negative credibility factors. See Thomas, 278 F.3d at 959 (absence of supporting medical evidence was among specific, clear and convincing reasons to

Page 8 - OPINION AND ORDER

discount plaintiff's testimony). Because the ALJ provided clear and convincing reasons for rejecting plaintiff's subjective symptom statements, the ALJ's credibility finding is affirmed.

II.  <u>Lay Witness Testimony</u>

Plaintiff also argues the ALJ improperly discredited written statements from plaintiff's daughter. Generally, lay witness testimony describing a plaintiff's symptoms is "competent evidence that the ALJ must take into account." <u>Molina v. Astrue</u>, 647 F.3d 1104, 1114 (9th Cir. 2012). "[I]n order to discount competent lay witness testimony, the ALJ 'must give reasons that are germane to each witness.'" <u>Id.</u> (citing <u>Dodrill</u>, 12 F.3d at 919). An ALJ may, however, reject lay testimony when it is substantially similar to the claimant's testimony and the claimant's testimony has been rejected for clear and convincing reasons. <u>Molina</u>, 674 F.3d at 1114.

Plaintiff's daughter completed a third party report on October 20, 2012, and a declaration on January 31, 2014. Tr. 216-27, 254-55. In 2012, she reported plaintiff could only stand for minutes at a time, walking was painful for her back, and she spent most of her day sitting or lying down. Tr. 216, 218-19. In the same report, plaintiff's daughter reported plaintiff cared for her infant grandson, attended church regularly, and performed certain household chores. Tr. 218-19.

The ALJ erred in concluding plaintiff's ability to care for her grandson was inconsistent with the symptom statements of plaintiff and her daughter. The ALJ inaccurately referred to

Page 9 - OPINION AND ORDER

plaintiff's grandson as a "toddler," while the record indicates that, at the time plaintiff was able to take care of her grandson, he was merely 4 months old. Tr. 16, 218. Moreover, the ALJ ignored plaintiff's daughter's subsequent declaration, completed once the grandson actually was a toddler, indicating plaintiff was no longer able to care for the child. Tr. 254.

Plaintiff's daughter's statements regarding plaintiff's ability to stand and walk, however, mirror plaintiff's statements on the same topics. As explained above, the ALJ properly discredited plaintiff's symptom testimony regarding standing and walking as inconsistent with plaintiff's statements about yoga and fitness classes and unsupported by the medical evidence. Because plaintiff's daughter's statements permissibly could be rejected for the same reasons, any error in failing to address the daughter's statements was harmless. See Molina, 674 F.3d at 1114.

## CONCLUSION

The Commissioner's decision is AFFIRMED and this case is DISMISSED.

IT IS SO ORDERED.

Dated this 20th day of January 2016.

_____
Ann Aiken
United States District Judge

Page 10 - OPINION AND ORDER